UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>                            Plaintiff,<br>vs.<br><br>R. OLSON,<br><br>                            Defendant. | Case No.: 21-cv-1685-MMA (MSB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION FOR COURT TO HOLD SCREENING; AND (3) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)**<br><br>[Doc. Nos. 2, 6] |

      Plaintiff Raul Arellano, incarcerated at Richard J. Donovan Correctional Facility Prison ("RJD"), proceeding *pro se* and a frequent litigant in this district, has filed new civil rights action pursuant to 42 U.S.C. § 1983. Doc. No. 1 ("Compl."). Plaintiff's latest suit is an attempt to relitigate retaliation claims against RJD Appeals Coordinator R. Olson, which arose in 2014, but were dismissed without prejudice based on his failure to exhaust them in *Arellano v. Self, et al.*, S.D. Cal. Civil Case No. 3:15-cv-2300-AJB-LL

("*Olson I*").[1]

Plaintiff has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a new civil action. Instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Doc. No. 2. Soon after, Plaintiff filed a Motion requesting that the Court "hold the screening process" while his Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b) remained pending in *Olson I*. Doc. No. 6. Because Plaintiff's Motion for Reconsideration has since been denied however, *see Olson I* at Doc. No. 104, the Court **DENIES AS MOOT** Plaintiff's request that the Court defer its mandatory screening of his newly filed Complaint, Doc. No. 6.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their

---

[1] Plaintiff admits his "case was priorly [sic] litigated" in *Olson I*, S.D. Cal. Civil Case No. 3:15-cv-2300-AJB-LL, on the face of his new Complaint. Compl. at 3. Even if he had not, however, the Court may take judicial notice of "'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (taking judicial notice of court filings in a related case to affirm the district court's decision to dismiss the plaintiff's complaint as untimely and deny the plaintiff equitable tolling).

[2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, as well as a prison certificate authorized by a RJD Accounting Officer. Doc. No. 3; *see also* 28 U.S.C. § 1915(a)(2); CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff carried no balance, had no money deposited to his trust account during the six-months prior to filing, and had no money to his credit at the time he filed suit.[3] Doc. No. 3 at 1, 3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to assess any initial filing fee because his trust account statements show he "has no means to

---

[3] In fact, Plaintiff's trust account records as of September 28, 2021, reveal he remains obligated to pay $6,725 in filings fees as a result of his having filed more than a dozen separate civil actions and appeals in this Court and in the Ninth Circuit since 2014. *See* Doc. No. 3 at 3–4. Plaintiff owes an additional $9,750.22 in restitution pursuant to a fine imposed by the San Diego Superior Court in Criminal Case No. SCE279681. *Id.* at 4.

pay it." *Bruce*, 577 U.S. 84–85. Instead, the Court **DIRECTS** the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward those fees to the Clerk of Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an

obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).[4]

**B.     Factual Allegations & Prior Litigation History**

In his Complaint, which names only RJD Appeals Coordinator R. Olson as a Defendant but is otherwise identical to the Second Amended Complaint he filed in July 2016 in *Olson I*, Plaintiff realleges Olson retaliated against him during a June 19, 2014 interview related to a series of CDCR 602 Inmate/Parolee grievances he filed regarding "illegal" withdrawals from his prison trust account for photocopy charges he claims he was not obligated to pay. *See* Compl. at 2–11; *cf. Olson I*, Second. Amend. Compl., Doc. No. 17 at 10–20.  Plaintiff contends Olson "told [him] that he would be denying [his] 602 because he file[d] to[o] many grievances." Compl. at 3, 8; *cf. Olson I*, Doc. No. 17 at 12, 13.  Plaintiff further alleges that when he told Olson he would submit a retaliation grievance, Olson indicated he would "make sure it won't get file[d]," and that he would "also send someone to hurt [Plaintiff]." Compl. at 3, 8; *cf. Olson I*, Doc. No. 17 at 13.

The remainder of Plaintiff's Complaint includes related First Amendment, due process, conspiracy, and access to courts allegations against other RJD correctional and appeals officials who were also previously named as parties in *Olson I*.  *See* Compl. at 5, 12, 15; *cf. Olson I*, Doc. No. 17 at 2, 10, 16–20.  All these allegations were dismissed *sua sponte* based on Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) in *Olson I*, however. *See Olson I*, Doc. No. 18. Plaintiff appealed that

---

[4] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

dismissal, but the Ninth Circuit affirmed on all grounds except for the dismissal of Plaintiff's retaliation claim against Defendant Olson. *See Arellano v. California Dep't of Corr. & Rehab.*, 693 F. App'x 615, 616 (9th Cir. 2017).[5]

After remand in *Olson I*, Judge Battaglia granted summary judgment with respect to Plaintiff's remaining retaliation claims against Olson finding he failed to exhaust them before filing suit as required by 42 U.S.C. § 1997e(a). *See Arellano v. Olson,* No. 15-CV-2300-AJB-LL, 2019 WL 4594611, at *3 (S.D. Cal. Sept. 23, 2019), *aff'd*, 837 F. App'x 538 (9th Cir. 2021). In a subsequent Order denying Plaintiff's Motions for Reconsideration, Judge Battaglia clarified that pursuant to Ninth Circuit precedent, the dismissal of Plaintiff's retaliation claims against Olson was "without prejudice to filing a new action once administrative remedies ha[ve] been exhausted." *See Arellano v. Olson,* No. 15-CV-02300-AJB-LL, 2021 WL 5396424, at *2 (S.D. Cal. Nov. 18, 2021); *see also O'Neal v. Solis*, 586 F. App'x 440 (9th Cir. 2014) ("Because we affirm on the basis of O'Neal's failure to exhaust, we treat the judgment as a dismissal without prejudice as to all claims, and do not address O'Neal's contentions concerning the merits of his claims.") (citing *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no presuit exhaustion." (citation and internal quotation marks omitted)).

Thus, Plaintiff now seeks to resurrect the 2014 retaliation claims he first alleged against Defendant Olson in *Olson I*, claiming he may do so now that he has exhausted his

---

[5] Because all claims alleged in *Olson I* other than Plaintiff's retaliation claims against Olson were dismissed for failing to state a claim and affirmed on appeal, Plaintiff may not relitigate them in this action. "[C]laim preclusion . . . prohibits successive litigation of the very same claim by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (internal quotation marks omitted). "Claim preclusion, or res judicata, applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). A dismissal for failure to state a claim is a "judgment on the merits" to which res judicata applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

administrative remedies pursuant to 42 U.S.C. § 1997e(a).  *See* Compl. at 3, 17.  In support, Plaintiff attaches copies of his appeal records for CDCR 602 Inmate/Parolee Appeal Log Nos. RJD-C-19-7145 and RJD-C-19-07501.  *Id.*, Ex. H at 24–32.

C. **Statute of Limitations**

Statutes of limitation prevent the assertion of stale claims by limiting the time (*i.e.*, the "limitations period") within which claims must be filed.  *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001) (en banc).  When the running of the statute of limitations is "'apparent on the face of the complaint,'" it may be dismissed for failing to state a claim.  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 4997 (9th Cir. 2006)).  However, a dismissal based on the statute of limitations is appropriate only if the complaint, read with the required liberality, and any properly judicially noticed documents, would not permit the plaintiff to show tolling.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (citation omitted).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions.  *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Federal courts apply the personal injury limitations period for analogous Section 1983 claims arising in California.  *See Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).  California's applicable statute of limitations is two years.  *See* Cal. Civ. Proc. Code § 335.1; *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019); *Jones*, 393 F.3d at 927.

Federal courts also apply the forum state's law regarding tolling, except where inconsistent with federal law.  *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Mills*, 921 F.3d at 1166; *Jones*, 393 F.3d at 927.  Under California law, the statute of limitations for prisoners serving less than a life

sentence is tolled for two years.[6]  *See* Cal. Civ. Proc. Code § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005).  Accordingly, most California prisoners must bring their § 1983 suits within four years—a period comprised of the two-year limitations period plus two additional years based on statutory tolling.

"Accrual is the date on which the statute of limitations begins to run . . . ." *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).  Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391.  Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (citations omitted).

In this case, Olson's wrongful acts of retaliation are alleged to have occurred in June 2014—more than seven years before Plaintiff filed this civil action, and far outside California's statute of limitations, even including all presumed periods of tolling provided

---

[6] While Plaintiff does not allege he is entitled to statutory tolling pursuant to Cal. Code Regs., § 352.1, the Court takes judicial notice of his conviction on seven counts of committing a lewd act on a child under 14 in violation of Cal. Pen. Code, §§ 288(a), 1203.066(a)(8), and one count of unlawful sexual intercourse with a minor more than three years younger than him in violation of Cal. Penal Code § 261.5(c) in California Superior Court Case No. SCE279681.  *See People v. Arellano*, No. D059737, 2013 WL 142397, at *1 (Cal. Ct. App. Jan. 14, 2013).  Plaintiff was sentenced to a term of 18 years and 8 months, *i.e.*, less than life, as a result of his conviction in that case. *Id.*  Plaintiff has since filed a series of writs of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court seeking to invalidate SCD279681, but none have proven successful. *See, e.g., Arellano v. Unnamed Respondents*, S.D. Cal. Civil Case No. 3:14-cv-00937-JAH-KSC; *Arellano v. Unnamed Respondents*, S.D. Cal. Civil Case No. 3:15-cv-01045-LAB-DHB; *Arellano v. Paramo*, S.D. Cal. Civil Case No. 3:16-cv-02337-WQH-MDD; and *Arellano v. Paramo*, S.D. Cal. Civil Case No. 3:17-cv-00354-WQH-MDD; *Bias*, 508 F.3d at 1225.

by statute, or pending the exhaustion of his administrative remedies. *Wallace*, 591 U.S. at 391; *see also Klein*, 865 F.3d at 1278; Cal. Code Civ. Proc. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Jones*, 393 F.3d at 927; *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)).

Plaintiff alleges on the face of his newly-filed Complaint to have previously raised these same retaliation claims in *Olson I*, but is now attempting to relitigate them in this action because they were dismissed without prejudice based on his failure to exhaust them in accordance with 42 U.S.C. § 1997e(a). *See* Compl. at 3, 17; *see also Olson I*, 2019 WL 2451401, at *7 (S.D. Cal. June 12, 2019), *report and recommendation adopted*, 2019 WL 4594611 (S.D. Cal. Sept. 23, 2019), *aff'd*, 837 F. App'x 538 (9th Cir. 2021); *Olson I*, 2021 WL 5396424, at *2 (S.D. Cal. Nov. 18, 2021) (denying Plaintiff's Motion for Reconsideration, clarifying that his retaliation claims were "dismissed without prejudice," and that he was free to "file a new action if administrative remedies have indeed been exhausted"). Plaintiff claims he may proceed because he has since exhausted his retaliation claims against Olson.[7] *See* Compl. at 17 & Ex. H at 23–32, CDCR 602 Appeal Log Nos. RJD-C-19-7145 and RJD-C-19-07501. But even if the Court assumes these grievances together toll the limitations period for an additional 162 days—the total time during which both CDCR 602 Appeal Log Nos. RJD-C-19-7145 and RJD-C-19-07501 were pending—Plaintiff's retaliation claims against Appeals

---

[7] While the Court may consider whether the time during which CDCR 602 Inmate/Parolee Log Nos. RJD-C-19-7145 and RJD-C-19-07501 were pending provides additional tolling of the limitations period for Plaintiff's retaliation claims against Olson, *see Von Saher*, 592 F.3d at 969, it need not and does not determine at this stage of the case whether these appeals—both filed years after the incident in question—are sufficient to show Plaintiff has "properly" exhausted his retaliation claims against Olson pursuant to 42 U.S.C. § 1997e(a). The Court notes, however, that "[p]roper exhaustion demands compliance with an agency's deadlines and other procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) (noting that a prisoner's failure to exhaust is an affirmative defense).

Coordinator Olson remain untimely.[8] *See Jones*, 393 F.3d at 927; *Brown,* 422 F.3d at 943.

If allegations on the face of a Complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Here, Plaintiff's claims far exceed the limitations period. He may overcome this time bar only if his Complaint alleges facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276–77; *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). The burden is on Plaintiff to plead the facts necessary to support equitable tolling. *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993).

Under California law, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the Defendant must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316–17 (Cal. 1978); *Fink*, 192 F.3d at 916. As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his 2014 claims as provided by California law. *See Cervantes*, 5 F.3d at 1277.

Accordingly, the Court finds Plaintiff's claims are barred by the statute of

---

[8] In fact, "[t]here is no clear consensus among Ninth Circuit district courts as to whether a plaintiff is entitled to tolling for grievances that were rejected as untimely under prison regulations." *Garrett v. Finander*, No. 2:18-CV-10754-AB-KES, 2019 WL 7879659, at *11 (C.D. Cal. Dec. 5, 2019) (citing cases), *report and recommendation adopted*, No. 2:18-CV-10754-AB-KES, 2020 WL 606754 (C.D. Cal. Feb. 5, 2020), *aff'd*, 835 F. App'x 266 (9th Cir. 2021). Plaintiff's exhibits show CDCR 602 Inmate/Parolee Appeal Log No. RJD-C-19-7145, alleging Olson committed "staff misconduct" on June 19, 2014, was submitted by Plaintiff on October 25, 2019, more than five years after the incident which forms the basis of the retaliation claim alleged in his Complaint. *See* Compl., Ex. H at 30–31. This appeal was cancelled pursuant to Cal. Code Regs., tit. 15 § 3084.6(c)(4) on November 15, 2019, because the "[t]ime limits for submitting the appeal [we]re exceeded even though [Plaintiff] had the opportunity to submit within the prescribed [30-day] time constraints." *Id.* at 29, 30.

limitations, his entire Complaint must be dismissed *sua sponte* in its entirety based on his failure to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Jones*, 549 U.S. at 215.

In light of his pro se status, and in order to permit Plaintiff the opportunity to allege additional facts which might support equitable tolling of his claims against Defendant Olson, the Court will permit Plaintiff leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa,* 698 F.3d 1202, 1212 (9th Cir. 2012)); *see also Cervantes*, 5 F.3d at 1276–77 (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend to allege facts which, if proved, might support tolling).

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) and **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION. The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

Further, the Court **DENIES** Plaintiff's Motion for Court to Hold Screening Process as moot and **DISMISSES** Plaintiff's Complaint *sua sponte* and in its entirety based on

his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court **GRANTS** Plaintiff 60 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  See CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within 60 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment.  See *Lira*, 427 F.3d at 1169 ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  February 4, 2022

HON. MICHAEL M. ANELLO
United States District Judge