UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995, <br><br> Plaintiff, <br><br> v. <br><br> R. OLSON, Appeals Coordinator, <br><br> Defendant. | Case No.: 21-cv-1685-MMA (MSB) <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** <br><br> [Doc. No. 8] |

Plaintiff Raul Arellano, incarcerated at Richard J. Donovan Correctional Facility Prison ("RJD"), proceeding pro se and in forma pauperis ("IFP"), is a frequent litigator in this district. This case, filed on September 28, 2021, is his attempt to relitigate retaliation claims against RJD Appeals Coordinator R. Olson which arose in 2014, but were dismissed without prejudice based on Arellano's failure to exhaust them prior to the filing of a previous case, *Arellano v. Self, et al.*, S.D. Cal. Civil Case No. 3:15-cv-2300-AJB-LL ("*Olson I*").[1]

---

[1] Arellano continues to admit his retaliation claims against Olson were "priorly [sic] litigated" in *Olson I*, S.D. Cal. Civil Case No. 3:15-cv-2300-AJB-LL. *See* FAC at 6. But even if he had not, the Court may take judicial notice of "'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225

# I. PROCEDURAL BACKGROUND

On February 4, 2022, the Court *sua sponte* dismissed Arellano's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, because it was apparent from the face of his pleading that his claims are untimely. *See* Doc. No. 7 at 7–11. Nevertheless, the Court granted Arellano leave to amend and "the opportunity to allege additional facts which might support equitable tolling." *Id.* at 11 (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)). Arellano has since filed an Amended Complaint ("FAC") reasserting the 2014 retaliation claim previously alleged in *Olson I*, and rehashing his myriad unsuccessful efforts to exhaust those claims via the CDCR's inmate grievance procedures. *See* FAC, Doc. No. 8 at 6–14. In short, Arellano contends "equitable tolling should be granted because (1) [he] diligently pursue[d] [his] claim; [and] (2) things were beyond [his] control." *Id.* at 16.

However, because Arellano's' allegations fail to support any plausible basis for equitable tolling, the Court now dismisses his FAC *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failure to state a claim upon which § 1983 relief can be granted, denies further leave to amend as futile, and dismisses this action in its entirety.

# II. SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

## A. Standard of Review

Because he is a prisoner and proceeding IFP, Arellano's Amended Complaint, like his original, requires a preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621

---

(9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (taking judicial notice of court filings in a related case to affirm the district court's decision to dismiss the plaintiff's complaint as untimely and deny the plaintiff equitable tolling).

F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.[2]

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it

---

[2] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Court may also take judicial notice of proceedings in other courts "if those proceedings have a direct relation to the matters at issue." *Bias*, 508 F.3d at 1225; *see also Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (taking judicial notice of court filings in a related case to affirm the district court's decision to dismiss the plaintiff's complaint as untimely and deny the plaintiff equitable tolling).

may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.      Factual Allegations & Prior Litigation History**

Arellano's Amended Complaint, like his original, names only RJD Appeals Coordinator R. Olson as a Defendant, and his retaliation claims remain largely identical to those first alleged in the Second Amended Complaint ("SAC") he filed in July 2016 in *Olson I*.[3]  *See* FAC at 6–14; *cf. Olson I*, Doc. No. 17 at 11–13.  Specifically, Plaintiff realleges Olson retaliated against him during a June 19, 2014 interview related to a series of duplicate CDCR 602 Inmate/Parolee grievances he filed regarding "illegal" withdrawals from his prison trust account for photocopy charges he claims he was not obligated to pay.  *See* FAC at 6; *cf. Olson I*, Doc. No. 17 at 10–20.

Arellano contends Olson "told [him] not to file or submit" any more grievances, complained that he filed too many of them, and informed him that his previously filed duplicative grievances (CDCR 602 Log Nos. 14-1338, 14-1491, 14-1630, 14-1636, 14-1637) would all be denied.  *See* FAC at 8–9, 15; *cf. Olson I*, SAC, Doc. No. 17 at 12–14. While not previously alleged in his SAC in *Olson I*, Arellano further contends in this case that when he told Olson he would nevertheless submit another grievance alleging retaliation, Olson indicated he would "not receive a response," and that he would "also

---

[3] As the Court noted in its February 4, 2022 screening Order, Arellano's original Complaint in this case also referenced related retaliation, due process, conspiracy, and access to courts claims against other RJD correctional and appeals officials also previously alleged and dismissed in *Olson I*.  *See* Doc. No. 7 at 5–6 & n.5.  Because all claims alleged in *Olson I* other than Plaintiff's retaliation claims against Olson were dismissed for failing to state a claim and affirmed on appeal, the Court found he may not relitigate them in this action.  "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit."  *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). "Claim preclusion, or res judicata, applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits."  *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).  A dismissal for failure to state a claim is a "judgment on the merits" to which res judicata applies.  *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

send someone to hurt [him]." FAC at 15.[4]  On July 4, 2014, Arellano contends he *did* file a retaliation grievance against Olson, but claims it "never got filed," and he "never received a response back." *Id.* at 15–16.  Arellano claims that "instead [Olson] sen[t] an inmate to hit [him] and warn [him]" "not to submit such a grievance again." *Id.*[5]

      Arellano's Amended Complaint continues to acknowledge Judge Battaglia has already entered summary judgment with respect to his retaliation claims against Olson based on his failure to exhaust them before he first filed *Olson I* in 2015.  *See* FAC at 15; *Arellano v. Olson*, No. 15-CV-2300-AJB-LL, 2019 WL 4594611, at *3 (S.D. Cal. Sept. 23, 2019), *aff'd*, 837 F. App'x 538 (9th Cir. 2021). In a subsequent Order denying Arellano's motion for reconsideration, Judge Battaglia clarified that pursuant to Ninth Circuit precedent, the dismissal of Arellano's retaliation claims against Olson was "without prejudice to filing a new action *once administrative remedies ha[ve] been exhausted*." *See Arellano v. Olson*, No. 15-CV-02300-AJB-LL, 2021 WL 5396424, at *2 (S.D. Cal. Nov. 18, 2021) (emphasis added); *see also O'Neal v. Solis*, 586 F. App'x 440 (9th Cir. 2014) ("Because we affirm on the basis of O'Neal's failure to exhaust, we treat

---

[4] Arellano *did* claim Olson misled and otherwise prevented him from "sending the retaliation 602 after [he] got punch[ed]" in his Opposition to Defendant's Motion for Summary Judgment in *Olson I*. *See Olson I*, Doc. No. 61 at 16.  However, Judge Battaglia adopted the magistrate judge's finding that "these allegations [were] contradicted by the record," and concluded Olson was entitled to summary judgment because there was "no evidence" in the record to show administrative remedies were "effectively unavailable with respect to [Arellano's] retaliation claims." *Id.*, Doc. No. 68 at 11–12; Doc. No. 82 at 6–7.

[5] Arellano attaches a copy of a CDCR 602 Inmate/Parolee Appeal Form dated July 4, 2014 complaining that Olson was "impeding [him]" by entering "inappropriate denials of [his] 602's," mentioning CDCR Log Nos. 14-1491, 14-1630, 14-1636, and 14-1637, and Olson's June 19, 2019 interview.  *See* FAC at 15, Ex. E, Doc. No. 8-1 at 2–4.  However, this grievance is not documented as being received, bypassed, rejected, cancelled, or accepted at the First Level of Review, and it includes no CDCR 602 Inmate/Appeal Tracking Log Number. *Nor does it include any allegation that Olson targeted him for attack by a fellow inmate should he continue to file grievances*.  In fact, Exhibit E appears to be the same Exhibit E he filed in opposition to Defendant's Motion for Summary Judgment in *Olson I*, where the Court also noted it appeared to have been "unsubmitted" and found it insufficient to show Arellano "ever filed a grievance related to his retaliation claim." *See Olson I*, Doc. No. 68 at 11 & n.2, *see also* Doc. No. 82 at 6–7.

the judgment as a dismissal without prejudice as to all claims, and do not address O'Neal's contentions concerning the merits of his claims.") (citing *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no pre-suit exhaustion." (citation and internal quotation marks omitted)).

In the original Complaint Arellano filed in this case, he alleged his 2014 retaliation claims against Defendant Olson could proceed afresh because after the entry of summary judgment in *Olson I* on September 23, 2019, and before he filed this suit on September 28, 2021, he exhausted his retaliation claims against Olson. *See* Compl. at 3, 17. In support, Arellano attached CDCR 602 Inmate/Parolee Appeal Log No. 19-7145 and 19-7501. *Id.*, Ex. H at 24–32. The Court considered both these appeals in its February 4, 2022 Order, and assumed without deciding that these two grievances could potentially toll the limitations period for 162 days.[6] *See* Doc. No. 7 at 9–10 & n.7. However,

---

[6] The Court noted, however, that while it would "consider whether the time during which CDCR 602 Inmate/Parolee Log Nos. RJD-C-19-7145 and RJD-C-19-7501 were pending" might entitle Arellano to tolling, *see Olson I*, Doc. No. 7 at 9 (citing *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"), these appeals were filed several years after the 2014 incident which forms the basis of this suit, were cancelled and dismissed for violating Cal. Code Regs., tit. 15 § 3084.6(c)(4)'s time constraints, *see* Doc. No. 1, Ex. H at 23-32, and would likely be found insufficient to satisfy § 1997e(a)'s exhaustion requirement even *if* the revived retaliation alleged in this case were not time-barred. *See Olson I*, Doc. No. 7 at 9 (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (finding that "[p]roper exhaustion demands compliance with an agency's deadlines and other procedural rules.")). The Court nevertheless granted Arellano the benefit of the doubt and added the 162 days RJD-C-19-7145 and RJD-C-19-7501 were pending to the tolling period even though "[t]here is no clear consensus among Ninth Circuit district courts as to whether a plaintiff is entitled to tolling for grievances that were rejected as untimely under prison regulations." *Garrett v. Finander*, No. 2:18-CV-10754-AB-KES, 2019 WL 7879659, at *11 (C.D. Cal. Dec. 5, 2019) (citing cases), *report and recommendation adopted*, No. 2:18-CV-10754-AB-KES, 2020 WL 606754 (C.D. Cal. Feb. 5, 2020), *aff'd*, 835 F. App'x 266 (9th Cir. 2021). Arellano's exhibits show he submitted CDCR 602 Inmate/Parolee Appeal Log No. RJD-C-19-7145, alleging Olson committed "staff misconduct" on June 19, 2014, on October 25, 2019, more than five years after the incident which forms the basis of the retaliation claim alleged in his Complaint. *See* Compl., Ex. H at 30–31. This appeal was cancelled pursuant to Cal. Code Regs., tit. 15 § 3084.6(c)(4) on November 15, 2019, because the "[t]ime limits for submitting the appeal [we]re exceeded even though [Plaintiff] had the opportunity to submit within the prescribed [30-day] time constraints." *Id.* at 29, 30. Arellano responded by filing CDCR 602 Inmate/Parolee Appeal Log No. RJD-C-19-7501 on November 21, 2019, "appealing the cancellation of 19-07145," including allegations of having been punched by an inmate for submitting a staff complaint, and requesting that his

because it was still clear from the face of his Complaint that Arellano's retaliation claims against Olson remained untimely, "even including all presumed periods of tolling provide by statute, or pending the exhaustion of his administrative remedies[,]" as he claimed was evidenced by CDCR 602 Inmate/Parolee Appeal Log No. 19-7145 and 19-7501, the Court dismissed his claims as time-barred, and permitted him leave to amend and include "facts, which if proved, would support the equitable tolling of his 2014 claims as provided by California law." *See* Doc. No. 7 at 10–11 (citing *Cervantes*, 5 F.3d at 1276–77).

In his FAC, Arellano again mentions Log Nos. 19-7145 and 19-7501, but he further broadens his basis for tolling and argues the limitations period for his 2014 retaliation claim against Olson should instead be tolled for *four full years*, specifically "throughout 2015 [to] 11-12-19[,]" and including all the time the grievances which were subject to Defendant's Motion for Summary Judgment in *Olson 1* were pending. Arellano seeks to toll the limitations period during that time because while Judge Battaglia found he failed to properly exhaust his retaliation claims before he filed suit in *Olson I*, Arellano "thought [he] was right" and relied on Olson's June 19, 2014's representations that there was no need to file a separate grievance alleging retaliation in addition to those he had previously filed—namely CDCR 602 Log Nos. 14-1338, 14-1491, 14-1630, 14-1636, 14-1637, 14-1742. *See* FAC 7–11, 13–17.

---

untimeliness be excused. *Id.* at 27. The first level of appeal was bypassed, and Log No. RJD-C-19-7501 was denied at Second Level of Review on December 31, 2019. *Id.* at 25–26. The Second Level Appeal Response noted Arellano's claim of having been punched by another inmate, but affirmed the cancellation of Log No. 19-7145 as untimely, noting specifically that the appeal addressed "only . . . the cancellation decision on the previous appeal, and not the merits of that appeal." *Id.* at 26. The Second Level Response further noted Log No. 19-7145 had been "forwarded to the Hiring Authority for determination of a staff complaint," but it was found not to meet that criteria and was instead "processed as routine." *Id.* Arellano again appealed to the Office of Appeals ("OOA"), but received a letter dated April 30, 2020, informing him that "[d]ue to time constraints, OOA w[ould] not be issuing a Third Level Response" and that instead, the December 31, 2019 Second Level Response would "serve[] as the Department's decision." *Id.*

### C. Statute of Limitations & Statutory Tolling

As the Court noted in its February 4, 2022 Order, statutes of limitation prevent the assertion of stale claims by limiting the time within which claims must be filed. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001) (en banc). When the running of the statute of limitations is "'apparent on the face of the complaint,'" it may be dismissed for failing to state a claim. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 4997 (9th Cir. 2006)). However, a dismissal based on the statute of limitations is appropriate only if the complaint, read with the required liberality, and any properly judicially noticed documents, would not permit the plaintiff to show tolling. *See Cervantes*, 5 F.3d at 1275 (citation omitted).

"The statute of limitations for federal civil rights claims under section[] … 1983 … is 'governed by the forum state's statute of limitations for personal injury actions.'" *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951–52 (9th Cir. 2022) (quoting *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (quotation marks and alterations omitted)); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). California's applicable statute of limitations is two years. *See* Cal. Civ. Proc. Code § 335.1; *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019).

Federal courts also apply the forum state's law regarding tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Mills*, 921 F.3d at 1166. Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. *See* Cal. Civ. Proc. Code § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, most California prisoners must bring their § 1983 suits within four years of accrual—a period comprised of the two-year limitations period plus two additional years based on statutory tolling.

"Accrual is the date on which the statute of limitations begins to run . . . ." *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Unlike the

length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues).

Here, it remains clear from the face of Arellano's FAC that his retaliation claim against Olson accrued on June 19, 2014—the day he alleges Olson told him he would: (1) "den[y] [his] 602" "about a money transaction matter" because he "file[d] too many grievances;" (2) indicated any additional grievance Arellano submitted alleging retaliation would not "get file[d]," and (3) threatened to "send someone to hurt [him]." *See* FAC at 6; *see also Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (citations omitted).

While Arellano again does not allege any entitlement to statutory tolling pursuant to Cal. Code Regs., § 352.1, the Court takes judicial notice of his conviction on seven counts of committing a lewd act on a child under 14 in violation of Cal. Pen. Code, §§ 288(a), 1203.066(a)(8), and one count of unlawful sexual intercourse with a minor more than three years younger than him in violation of Cal. Penal Code § 261.5(c) in California Superior Court Case No. SCE279681. *See People v. Arellano*, No. D059737, 2013 WL 142397, at *1 (Cal. Ct. App. Jan. 14, 2013). Arellano was sentenced to a term of 18 years and 8 months, *i.e.,* less than life, as a result of his conviction in that case. *Id.* Therefore, the Court presumes he is entitled to 2 years of statutory tolling pursuant to Cal. Code Civ. Proc. § 352.1 and that therefore, the limitations period for filing his retaliation claims against Olson expired on or about June 20, 2018.

If allegations on the face of a complaint "show that relief is barred by the applicable statute of limitations, [it] is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Because Arellano's FAC, like his original Complaint, seeks to assert stale claims, he may proceed only if his FAC also alleges facts sufficient to support some further basis for equitable tolling. *See Cervantes*, 5 F.3d at

1276–77; *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).  It does not.

### D.   Equitable Tolling

Arellano contends "equitable tolling should be granted because [he] (1) diligently pursu[ed] [his] claim," and "things were beyond [his] control." *See* FAC at 16.  The burden is on Arellano to plead the facts necessary to support equitable tolling. *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993).

Under California law, Arellano must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the Defendant must not be prejudiced by the application of equitable tolling.  *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316–17 (Cal. 1978); *Fink*, 192 F.3d at 916.  As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his 2014 retaliation claims as provided by California law.  *See Cervantes*, 5 F.3d at 1277.

First, the statute of limitations is tolled for the time it takes for a prisoner to administratively exhaust his underlying grievance.  *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").  In this case, the only grievances that plausibly supports the equitable tolling of Arellano's retaliation claims against Olson are the ones he filed *after* Judge Battaglia dismissed *Olson I*: RJD CDCR Inmate/Parolee Log Nos. 19-7145 and 19-7501.  *See* Doc. No. 1, Ex. H at 23–32.  As noted in the Court's February 4, 2022 Order, however, these grievances would only *potentially* toll the limitations period for a total of 162 days.  *See* Doc. No. 7 at 9–10; *see also infra* n.6.

Arellano is not entitled to any additional tolling based on the grievances he alleges to have filed in 2014, *see* FAC at 7–11, 13–17 (discussing CDCR 602 Log. Nos. 14-1338, 14-1491, 14-1630, 14-1636, 14-1637, 14-1742, 14-2623, 14-2408), as these grievances

related to "disputed debits to [Arellano's] prisoner trust account," and "none of [them] contain[ed] allegations Defendant [Olson] retaliated against him." *See Olson I*, Doc. No. 68 at 8.  Thus, because the 2014 grievances involved issues "separate and distinct from [Olson's] alleged retaliation against him," *id.*, they do not serve to "complete[] the mandatory exhaustion process" for the untimely retaliation claims he now attempts to bring before the Court, and thus do not provide any additional basis for tolling under *Brown*.  *See* 422 F.3d at 942–43; *see also Holguin v. Madera Cnty. Jail Captain*, 2015, No. 1:21-CV-01586-GSA-PC, 2022 WL 2360455, at *4 (E.D. Cal. June 29, 2022) (dismissing pretrial detainee's time-barred access to courts claims *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, finding it clear from the face of his complaint that "the limitations period was not tolled beyond four years while Plaintiff exhausted his remedies *because he did not exhaust his remedies*.") (emphasis added).  To put it simply, *Brown* does not permit Arellano to toll the limitations period for time spent filing and pursuing grievances unrelated to his underlying retaliation claim for relief against Defendant Olson.

      Nor is Arellano entitled to toll the limitations period "throughout 2015 [to] 11-12-19"—the time during which *Olson I* was pending.[7]  *See Wood v. Elling Corp.,* 20 Cal.3d

---

[7] While Judge Battaglia granted summary judgment and dismissed *Olson I* on September 23, 2019 based on Arellano's failure to exhaust his administrative remedies before he filed that suit on October 13, 2015, *see Olson I*, Doc. Nos. 1, 82, 84, Judge Battaglia issued a subsequent order in response to Arellano's post-judgment motion on November 19, 2019, that "clarifi[ed] that [Arellano's] Second Amended Complaint [wa]s dismissed without leave to amend, and without prejudice to filing a new action once administrative remedies have indeed been exhausted." *See Olson I*, Doc. No. 91 at 1–2.  Judge Battaglia was correct to note that the Ninth Circuit considers the failure to exhaust to constitute a dismissal without prejudice to re-filing considered to be "without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.") (citation omitted), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).  Nevertheless, Arellano's retaliation claim against Olson—regardless of whether it was previously dismissed without prejudice—must also be filed within the limitations period provided by state law.  *See e.g.*, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (noting that while the "primary meaning of 'dismissal without prejudice,'… is dismissal without barring the plaintiff from returning later, to the

353, 142 Cal. Rptr. 696, 572 P.2d 755, 759 (1977) (equitable tolling based on successive claims in same forum is permitted only where, inter alia, the trial court erroneously dismissed first action and dilatory tactics by defendant prevented disposition of the first action in time to permit filing of second action within the limitations period). Here, Arellano has not and cannot now show that *Olson I* was "erroneously dismissed" because that case has been affirmed on appeal. *See Arellano v. Olson*, 837 F. App'x 538, 539 (9th Cir. 2021) ("The district court properly granted summary judgment because Arellano failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable.").

Moreover, Arellano acknowledges he "filed 15-cv-2300-AJB and [] continue[d] litigating that lawsuit without inquiring into exhaustion of administrative remedies," and acknowledges Judge Battaglia "decided that [he] failed to exhaust" on summary judgment, and that he further denied Arellano's subsequent motion seeking reconsideration. *See* FAC at 16. In fact, this Court takes judicial notice of the pleadings and Judge Battaglia's orders in *Olson I* and notes Judge Battaglia specifically considered Arellano's renewed claims of having exhausted his 2014 retaliation claim against Olson via Log Nos. 14-1338, 14-1491, and 14-1742, and his claims of having submitted a separate grievance against Olson in July 2014, and to have received no response except a "punch" for it. Critically, however, Judge Battaglia found these very allegations contradictory and wholly unsubstantiated by the record. *See Olson I*, Doc. No. 68 at 11 (finding "no evidence" to support Arellano's claims of "ever [having] filed a grievance related to his retaliation claim or any evidence [that] prison officials misled [him] into not properly pursuing and then exhausting one."); Doc. No. 82 at 6–7 (finding Arellano's account of having filed a retaliation grievance against Olson, having been "punched for it," and having never received a response "unsupported by admissible evidence and

---

same court, with the same underlying claim," plaintiff must nevertheless "refil[e] the lawsuit *within the applicable limitations period*.") (emphasis added).

plainly contradictory.").

Thus, based on the face of the pleadings in this case, and the proceedings in *Olson I* which are both incorporated by reference in Arellano's FAC and properly subject to judicial notice, the Court finds California's limitations period for Arellano's retaliation claim against Olson began to run on or about June 20, 2016, two years after his claim first accrued on June 19, 2014. *See Lukovsky*, 535 F.3d at 1048; *Klein*, 865 F.3d at 1278. The Court further finds the limitations period was tolled for an additional two years pursuant to Cal Code Civ. Proc. § 352.1, because Arellano was and remains incarcerated for a term of less than life, and thus ended on or about June 20, 2018. *See Johnson,* 207 F.3d at 654.

Assuming Arellano is entitled to tack on an additional 162 days of tolling for the total time CDCR Inmate Parolee Log Nos. 19-7145 and 19-7501 were pending, *see Brown*, 422 F.3d at 942–43, the limitations period for filing his retaliation claims against Olson expired on or about November 29, 2018. Arellano filed this case nearly three years too late on September 28, 2021, and he has alleged no additional facts in his FAC, which if proved, would support any further basis for equitable tolling under California law. *See Cervantes*, 5 F.3d at 1277.

For these reasons, Arellano's FAC must also be dismissed *sua sponte* for failing to allege a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison,* 668 F.3d at 1112; *Wilhelm,* 680 F.3d at 1121.

**E.   Leave to Amend**

Because Arellano has already been provided a short and plain explanation of his retaliation claims' untimeliness, as well as an opportunity to amend in order to plead facts which might entitle him to tolling to no avail, the Court finds granting Arellano further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco*

*Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### III. CONCLUSION

Accordingly, the Court **DISMISSES** this civil action without further leave to amend as barred by the statute of limitations and for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  August 31, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge